IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CRAFTWOOD LUMBER COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| INTERLINE BRANDS, INC. a Delaware corp. and INTERLINE BRANDS, INC. a New Jersey corp., | ) ) ) | Removed from the Circuit Court of Lake County, Illinois |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Defendants, INTERLINE BRANDS, INC. (a DE corp.) and INTERLINE BRANDS, INC. (a NJ corp.), by their attorneys, Ice Miller LLP, for their Notice of Removal state as follows:

1. On May 10, 2011, Plaintiff filed an action in the Circuit Court of Lake County, Illinois, captioned *Craftwood Lumber Company v. Interline Brands, Inc. a Delaware corporation; and Interline Brands, Inc.,* No. 11 CH 2225 (the "State Court Action").

2. The complaint in the State Court Action contains a single count which purports to state a claim under a federal statute, the Telephone Consumer Protection Act ("TCPA"). 47 U.S.C. §227. Plaintiff alleges that Defendants sent Plaintiff and the putative class unsolicited facsimile advertisements in violation of the TCPA. Plaintiff seeks to bring this action as a class action.

3. Plaintiff served Interline Brands, Inc. (a DE corp.) with the summons and the complaint in the State Court Action on or about May 31, 2011. Plaintiff served Interline Brands, Inc. (a NJ corp.) on or about June 2, 2011. A copy of the summons and complaint and all other pleadings and orders served on defendants in the State Court Action are attached hereto as Exhibits 1-15, pursuant to 28 U.S.C. §1446(a). No other process, pleadings or orders have been

served on Defendants in the State Court Action. Accordingly, this Notice of Removal is timely under 28 U.S.C. §1446(b), as it is filed within thirty days after Defendants were served with a copy of the initial pleading setting forth the claim for relief upon which this action is based.

4. Removal of the State Court Action to this Court is proper pursuant to 28 U.S.C. §1441(a). This Court has original federal question subject matter jurisdiction over the claim brought in the State Court Action under 28 U.S.C. §1331 because it asserts a claim under the TCPA, which is a law of the United States. It is well recognized in this Circuit that federal courts have federal question jurisdiction over TCPA claims. *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446, 451 (7th Cir. 2005).

5. This Notice of Removal is timely under 28 U.S.C. §1446(b) in that it was filed within thirty days after service of the summons and complaint on Defendants.

6. Defendants will give prompt written notice of the filing of this Notice of Removal to counsel for plaintiff, and will file a copy of the Notice of Removal with the Clerk of the Circuit Court of Lake County, as provided by 28 U.S.C. §1446(d).

WHEREFORE, Defendants request that this Court issue any order or process as may be necessary to bring before it all parties to the State Court Action, pursuant to 28 U.S.C. §1447(a).

        Respectfully submitted,

        INTERLINE BRANDS, INC. (DE) and
        INTERLINE BRANDS, INC. (NJ)

        By: /s/ Bart T. Murphy
          One of Their Attorneys

Bart T. Murphy (6181178)
Thomas J. Hayes (6280179)
Isaac Colunga (6289253)
ICE MILLER LLP
2300 Cabot Dr., Suite 455
Lisle Illinois 60532
630-955-6392