IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CRAFTWOOD LUMBER COMPANY,           )
                                    )
            Plaintiff,              )
                                    )
        v.                          )     No. 11 C 4462
                                    )
INTERLINE BRANDS, INC., a Delaware )
corporation, and INTERLINE          )
BRANDS, INC., a New Jersey          )
corporation,                        )
                                    )
            Defendants.             )

## MEMORANDUM OPINION

Plaintiff has filed a motion to prohibit defendants from disclosing, relying on, or offering into evidence any document generated during the parties' mediation and from referring to statements and events that occurred during the mediation and to strike statements defendants made in court about the mediation. The motion is denied for the reasons explained below.

## BACKGROUND

Plaintiff, Craftwood Lumber Company ("Craftwood"), brought this putative class action against two affiliated entities, Interline Brands, Inc., a Delaware corporation; and Interline Brands, Inc., a New Jersey corporation (collectively, "Interline" or "defendant"), alleging that Interline violated provisions of the Telephone Consumer Protection Act of 1991, as amended by the Junk

Fax Prevention Act of 2005, 47 U.S.C. § 227, and the regulations promulgated under the Junk Fax Prevention Act by the Federal Communications Commission, by sending at least 1,500 advertisements in at least 735,000 facsimile transmissions, some of which were received by Craftwood.  The faxes advertised Interline's products.

On August 29, 2013, we entered an order granting Craftwood's motion for discovery sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(ii) and precluding Interline from asserting "prior express invitation or permission" ("PEP") and "established business relationship" ("EBR") defenses and from introducing evidence concerning PEP and EBR.  Pursuant to Federal Rule of Civil Procedure 37(b)(2)(C), we further ordered that Interline and its counsel pay the reasonable expenses, including reasonable attorneys' fees, incurred by Craftwood in filing and briefing the motion for sanctions.  We directed the parties to follow the procedures set forth in Local Rule 54.3 to try to agree on an appropriate amount.

On September 4, 2013, we held a status hearing.  The parties informed the court that they wanted to stay Rule 54.3 proceedings while they attempted to settle the case through mediation, and we were amenable.  We set an October 23 status hearing for a report on settlement efforts.  On October 11, 2013, the parties participated in a mediation session in California with a private mediator.  Before mediation began, the parties and counsel signed a written

Confidentiality Agreement, which is the focus of the current dispute.

The next time we heard from the parties, it was a joint request to continue the October 23 status date to November 20, which was granted. Shortly before the November 20, 2013 status hearing, Craftwood filed an amended motion for class certification, while Interline filed a status report stating that the parties had reached a class-wide settlement as a result of the mediation. At the status hearing, Interline's counsel informed us that the parties had entered into a settlement agreement and attempted to show the court a copy of a "term sheet" that the parties had executed. Craftwood's counsel objected on the ground that it would be a violation of the parties' Confidentiality Agreement to show us the term sheet. We discussed the possibility of Interline filing a motion to enforce the settlement agreement but ultimately allowed Craftwood to first file a motion to bar Interline from introducing evidence in violation of the Confidentiality Agreement. That motion is now fully briefed.

## DISCUSSION

Craftwood contends that we should enter an order barring Interline from introducing any "mediation evidence" because the parties' Confidentiality Agreement "unambiguously" bars such disclosure. Craftwood relies on the following provisions of the Confidentiality Agreement:

In order to promote communication among the parties and the mediator and to facilitate settlement of the dispute, all parties . . . agree as follows: . . .

[2] All statements made during the course of the mediation or in mediator follow-up thereafter at any time prior to complete settlement of this matter are privileged settlement discussions . . . and are non-discoverable and inadmissible for any purpose including in any legal proceeding.

[3] . . . Disclosure of any records, reports or other documents, received or prepared by the mediator cannot be compelled. The mediator shall not be compelled to disclose or to testify in any proceeding as to . . . any records . . . or other documents received or prepared by the mediator . . . .

[4] No aspect of the mediation shall be relied upon or introduced as evidence in any arbitral, judicial, or other proceeding, including, but not limited to:

(a) Views expressed or suggestions made with respect to a possible settlement of the dispute;

(b) Admissions made in the course of the mediation proceedings; and

(c) Proposals made or views expressed by the mediator or the response of any party

[5] Since the parties are disclosing sensitive information in reliance upon this agreement of confidentiality, any breach of this agreement would cause irreparable injury for which monetary damages would be inadequate. Consequently, any party to this agreement may obtain an injunction to prevent disclosure of any such confidential information in violation of this agreement.

(Pl.'s Mot. to Bar, Ex. 2, Decl. of Scott Z. Zimmermann, Ex. A, Confidentiality Agreement.) In Craftwood's view, any term sheet "produced or prepared at mediation--by definition--is an 'aspect of the mediation' covered by" the Confidentiality Agreement and is also protected from disclosure by the parties' agreement to keep confidential any document received or prepared by the mediator. (Pl.'s Br. at 7.) Citing, inter alia, Facebook, Inc. v. Pacific

Northwest Software, Inc., 640 F.3d 1034, 1041 (9th Cir. 2011), Craftwood points out that courts have enforced similar confidentiality agreements and refused to allow evidence of mediation communications or documents. Craftwood argues that there is a substantial interest in preserving confidentiality for statements made in mediation proceedings and follow-up discussions after mediation and that allowing the introduction of mediation communications "would needlessly embroil the parties in a costly and diversionary collateral dispute." (Pl.'s Br. at 11.) It further argues that it would be "severely prejudiced" if Interline were permitted to disclose the term sheet "while Craftwood would be forced to remain silent." (Pl.'s Br. at 12-13.) Craftwood also invokes a purported federal mediation privilege.[1]

In response, Interline asserts that the Confidentiality Agreement does not render the court powerless to review or enforce an executed agreement to settle a case pending before it, citing Miller v. Basic Research, LLC, No. 2:07-CV-871 TS, 2013 WL 1194721 (D. Utah Mar. 22, 2013) (Stewart, J.).[2] The parties in Miller

---

[1] In a footnote, Craftwood also suggests that California law applies because the mediation took place in California, and it states that California law "requires the same result as under federal common law." (Pl.'s Br. at 15 n.10.) The argument is undeveloped and therefore waived.

[2] Interline also faults Craftwood for failing to address this district's Local Rule 83.5, which governs the confidentiality of alternative dispute resolution proceedings. But that rule applies to "non-binding alternative dispute resolution ('ADR') proceedings referred or approved by any judicial officer of this court in a case pending before such judicial officer." We did not "refer" or "approve" these mediation proceedings. The parties simply informed us that they intended to participate in another round of mediation, and we allowed them time to do so.

participated in mediation in California with the same mediator who
met with Craftwood and Interline, and they used an identical
confidentiality agreement.  The parties signed a term sheet at the
close of the mediation; thereafter, their relationship soured in
the course of negotiating a formal settlement agreement, and the
plaintiffs eventually filed a motion to enforce what they
considered to be the parties' nationwide class action settlement.
The admissibility of the term sheet was disputed; defendants argued
that the term sheet was an "aspect" of mediation and that its
introduction was therefore barred by the parties' confidentiality
agreement.  Judge Stewart rejected the argument, explaining as
follows:

> Considering the term "aspect" in its broadest sense,
> nearly anything agreed upon by the parties during or
> after the mediation that relied in any way on the
> mediation discussions could be considered an aspect of
> mediation.  However, under this reading, the parties
> would never be able to actually settle, because they
> would be barred from ever informing the Court of a
> settlement, as it would necessarily arise[] out of an
> aspect of the mediation.
>
> However, when the prohibition on introducing
> evidence of an "aspect" of the mediation is considered in
> conjunction with the earlier clause making privileged all
> "statements made . . . at any time prior to complete
> settlement," it becomes clear that the confidentiality
> agreement is only intended to bar admission of any
> statement or "aspect" of the mediation that occurs prior
> to a complete settlement. Once settlement has been
> reached, the mediation is over and subsequent
> documentation of settlement terms are no longer aspects
> of the mediation.  This reading is consistent with the
> examples of "aspects" provided in the confidentiality
> agreement, namely: views of a possible settlement,
> admissions in the course of mediation, and proposals made
> by the mediator and the responses of parties.

   Defendants argue that the Term Sheet should still be
excluded as it was written prior to complete settlement.
However, this argument begs the question already before
the Court. If the Term Sheet was prepared as
documentation of a settlement that had been reached, then
it is not covered by the confidentiality agreement, as it
is not a statement made prior to the complete settlement
of the matter. If, however, the Court finds that a
complete settlement had not been reached prior to the
drafting of the Term Sheet, then the Term Sheet is
confidential information.

2013 WL 1194721, at *4. We agree with Judge Stewart's analysis.

The cases cited by Craftwood, including Facebook, are

distinguishable for their procedural posture; none of them involved

a party seeking to bar evidence of a settlement when it is offered

to prove a breach of the settlement agreement, before the court

that is presiding over the case that was allegedly settled.

   This court has the inherent jurisdiction to hear evidence to

determine whether the parties actually entered into a valid and

enforceable agreement to settle the case pending before it. See,

e.g., Carr v. Runyan, 89 F.3d 327, 331 (7th Cir. 1996); United

States v. Hardage, 982 F.2d 1491, 1496 (10th Cir. 1993). Even if

the parties' Confidentiality Agreement purports to bar us from

considering evidence regarding the existence or terms of a

settlement agreement, such a provision is void as tantamount to an

agreement to deprive this court of its inherent jurisdiction. In

our view, it is the Confidentiality Agreement that has frustrated

the process of this court and, to use Craftwood's phraseology,

"needlessly embroiled" the parties in a "diversionary" collateral dispute.

Craftwood will not be prejudiced, much less severely so, by the introduction of the term sheet or other evidence relating to the existence of a settlement. It will not be forced to remain silent; Interline will have waived any confidentiality argument by filing a motion to enforce the parties' purported settlement agreement, and there is no reason why Craftwood will not be able to introduce evidence to show that the term sheet was not a final settlement.

The Seventh Circuit has not recognized a federal mediation privilege, nor has any Northern District of Illinois court, and Craftwood has not presented us with any persuasive authority from other federal courts that would lead us to recognize such a privilege.

In its reply brief, Craftwood stated that it no longer objected to this Court reviewing the parties' term sheet *in camera* and that it is confident that we will agree that the document is "confidential and inadmissible." Accordingly, we directed Craftwood to provide us with a copy of the term sheet, which we have now reviewed. It remains to be seen whether the term sheet was prepared as documentation of the parties' complete settlement or whether it was a statement made prior to complete settlement of

the case.  The next step in this case is to discuss Interline's anticipated motion to enforce the settlement agreement.

**CONCLUSION**

For the reasons explained above, plaintiff's motion to bar introduction of mediation evidence and to enforce the Confidentiality Agreement [85] is denied.

A status hearing is set for April 16, 2014 at 10:30 a.m. to discuss the defendants' anticipated motion to enforce the settlement agreement.

DATE:          April 9, 2014

ENTER:        _____
              John F. Grady, United States District Judge