IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CRAFTWOOD LUMBER COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11 CV 4462 |
| | ) | |
| INTERLINE BRANDS, INC. a Delaware corp. | ) | Judge John Grady |
| and INTERLINE BRANDS, INC. a New Jersey | ) | Judge Amy St. Eve |
| corp., | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF LODGING OF SETTLEMENT AGREEMENT

The Parties hereby notify the Court that they have reached a proposed settlement of this case and hereby lodge a copy of their Settlement Agreement with the Court. Plaintiff will be filing its Motion for Preliminary Approval of the settlement in the near future with the intention of presenting the Motion to the Court on December 8, 2014.

Dated: November 17, 2014

Respectfully submitted,

INTERLINE BRANDS, INC. (DE) and
INTERLINE BRANDS, INC. (NJ)

/s/ *Bart T. Murphy*
By One of their Attorneys

Bart T. Murphy (IL 6181178)
Ice Miller LLP
2300 Cabot Dr., Suite 455
Lisle, Illinois 60532
(630) 955-6392

P. Daniel Bond (IL 6295937)
Kirkland & Ellis LLP
300 N. LaSalle St.
Chicago, Illinois 60654
(312) 862-2000

Andrew B. Clubok (*pro hac vice*)
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
(212) 446-4800

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2014, a true and correct copy of the foregoing document, NOTICE OF LODGING OF SETTLEMENT AGREEMENT and the attachments thereto, was electronically filed with the Court using the CM/ECF system. All counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system. All documents required to be served by Fed.R.Civ.P. 5(a) have been served with this document.

Dated: November 17, 2014          /s/*Bart T. Murphy*
                                                    Counsel for Defendants

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CRAFTWOOD LUMBER COMPANY, an Illinois corporation, individually and on behalf of all others similarly situated, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>INTERLINE BRANDS, INC., a Delaware corporation; Interline Brands, Inc., a New Jersey corporation, )<br>)<br>)<br>)<br>Defendants. )<br>) | Case No. 11-CV-4462<br><br>Hon. Judge Grady |

**CLASS ACTION SETTLEMENT AGREEMENT**

1



This Class Action Settlement Agreement ("Settlement Agreement" or "Agreement") is entered into between Plaintiff Craftwood Lumber Company, an Illinois corporation, individually and on behalf of the Settlement Class (as defined in paragraph 1 hereof) ("Plaintiff"), on the one hand, and Defendant Interline Brands, Inc., a Delaware corporation and Defendant Interline Brands, Inc., a New Jersey corporation (jointly "Defendants"), on the other. Plaintiff and Defendants are each separately referred to herein as a "Party" and are referred to collectively as the "Parties."

**Recitals**

A. WHEREAS, on May 10, 2011, Plaintiff commenced this action ("Action") against Defendants in the Circuit Court of Lake County, Illinois, and on June 30, 2011, Defendants removed the Action to the United States District Court for the Northern District of Illinois (the "Court"), whereupon the Action was assigned to the Hon. John F. Grady. Plaintiff's current operative pleading in the Action is its First Amended Complaint filed on September 24, 2012 ("First Amended Complaint");

B. WHEREAS, Plaintiff alleges in the Action that Defendants violated the Telephone Consumer Protection Act, as amended by the Junk Fax Prevention Act, 47 U.S.C. § 227, and regulations of the Federal Communications Commission promulgated thereunder (collectively "TCPA") by sending, via facsimile transmission, unsolicited advertisements and advertisements that do not comply with the TCPA's opt-out notice requirements. Defendants deny any and all liability and further contend that the Action would not be amenable to class certification if class certification was sought by Plaintiff and opposed by Defendants;

C. WHEREAS, Plaintiff took twelve depositions of Defendants' employees and a third party; reviewed voluminous document productions by Defendants, including, but not limited to, the production of detail, exception and summary transmission reports and fax lists for the Faxes (collectively "Transmission Records"); and reviewed Defendants' responses and/or supplemental responses to four sets of written discovery. Defendants took the deposition of Plaintiff's president and reviewed document productions by Plaintiff;

D. WHEREAS, the issues in the Action would, if fully litigated, likely result in protracted litigation, multiple appeals, and continued uncertainty as to the outcome;

E. WHEREAS, this Settlement Agreement resulted from good faith, arm's length settlement negotiations before mediator John Bickerman conducted on November 6 and November 7, 2014, in connection with which Plaintiff and Defendants submitted detailed written and oral mediation submissions to Mr. Bickerman and each other, setting forth their respective views about strengths and weaknesses of each other's positions, and following two previous unsuccessful mediations before Hon. Richard E. Neville (Ret.) on August 30, 2012, and Antonio Piazza on October 11, 2013;

2



F.    WHEREAS, Plaintiff, Settlement Class Counsel (as defined in paragraph 2 hereof), Defendants and Defendants' counsel have concluded that this Settlement Agreement provides an appropriate resolution of the Action;

G.    WHEREAS, while Defendants deny any fault, wrongdoing, or liability of any kind, Defendants are entering into this Settlement Agreement to solely avoid the expense, inconvenience, and inherent risk of litigation and the concomitant disruption of their business operations; and

H.    WHEREAS, after the commencement of this Action Defendants ceased all organized facsimile advertising campaigns because of this Action, and intend to comply with the TCPA and all associated regulations governing any facsimile advertising in the future; and

I.    WHEREAS, Plaintiff and Settlement Class Counsel recognize the uncertainties, risks and difficulties involved in successfully concluding the Action on behalf of the Settlement Class, and believe that this Settlement Agreement confers substantial benefits upon the Settlement Class and that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class.

NOW, THEREFORE, the Parties agree, subject to Court approval:

### Class Certification for Settlement Purposes

1.    **Settlement Class.** The proposed settlement class (the "Settlement Class") consists of all persons and entities that were subscribers of facsimile telephone numbers (i.e., who were the billing party on record with the telephone company) that were sent an advertisement (as defined under the Telephone Consumer Protection Act) during the period of May 10, 2007 to July 4, 2011 (the "Class Period"), via facsimile ("Fax" and collectively the "Faxes") by or on behalf of Defendants in this Action.

2.    **Certification of Class for Settlement Purposes Only.** The Parties stipulate that the Settlement Class qualifies for class treatment pursuant to *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997), to the appointment of Plaintiff as Class Representative, and to the appointment of C. Darryl Cordero of Payne & Fears LLP and Scott Zimmermann of the Law Offices of Scott Z. Zimmermann, as lead settlement class counsel, and Frank F. Owen of Frank Owen & Associates P.C., and Charles R. Watkins of Guin, Stokes & Evans LLP, as settlement class counsel (collectively, "Settlement Class Counsel"). The stipulation and certification of the Settlement Class as provided in this paragraph shall be binding only with respect to settlement of the Action and shall not be cited or relied on by any Party in the event that this Settlement Agreement, the Preliminary Approval Order and the Judgment and Order do not receive full and final judicial approval in all material respects, or are reversed, vacated, or modified in any material respect, or in the event of timely cancellation by Plaintiff or Defendants in

3



accordance with this Agreement. In any such event, this Settlement Agreement shall have no force or effect; the Parties shall be restored, without waiver, to their respective positions immediately prior to entering into of the Settlement Agreement; any certification of the Settlement Class shall be vacated; the Action shall proceed as though the Settlement Class had never been certified; Plaintiff shall have the right to move for certification of a class, and Defendants shall have the right to oppose certification; the balance of the Settlement Payment, if paid, shall be returned to Defendants; the balance, if any, of the Administrative Costs Advance, if paid, shall be returned to Defendants and paragraphs 4.C, 12, 22 and 23 of the Settlement Agreement shall survive and remain enforceable. Defendants do not consent to certification of the Settlement Class for any purpose other than to effectuate the settlement on the terms and conditions set forth in this Settlement Agreement.

<div align="center">

**Benefits to the Settlement Class**

</div>

3.      **Settlement Payment.**

A. **Settlement Payment.** Defendants shall pay a total of $40,000,000, less the Administrative Costs Advance, to the Settlement Class in care of the Claims Administrator (for deposit in a separately established account) ("Settlement Payment") no later than 14 days after the Effective Date as defined below. In the event that the Settlement Payment is not timely paid in accordance with this paragraph Plaintiff shall have the right, but not the obligation, to cancel this Settlement Agreement by giving written notice of cancellation provided in this paragraph to Defendants within 21 days after the date(s) that the Settlement Payment should have been paid in accordance with this paragraph ("Cancellation Date"). Plaintiff's right to cancel shall be waived if Plaintiff does not give written notice of cancellation to Defendants on or before the Cancellation Date. Plaintiff's right to cancel cannot be waived except by the failure of Plaintiff to give written notice of cancellation to Defendants on or before the Cancellation Date.

B. The Settlement Payment (including the Administrative Costs Advance) is all that Defendants are or will be obligated to pay under this Settlement Agreement. The Settlement Payment includes payment of all attorneys' fees and costs of Settlement Class Counsel in this Action including any award under the Order of August 29, 2013 (Dkt. 59) (the "August 29 Order"); the costs of Class Notice and issuing Class Notice; the fees of any mediation under this Settlement Agreement; fees and costs of the Claims Administrator; and the incentive award to Plaintiff. Unless this Settlement Agreement and the Judgment and Order do not become final as provided in paragraph 15 hereof, there shall be no reversion to any of the Defendants of any portion of the Settlement Payment.

C. **Distribution of the Members' Payment Amount.** The Settlement Payment and any earnings thereon, less the amount awarded by the Court for attorneys' fees/costs

<div align="center">4</div>



to Settlement Class Counsel, the incentive award to Plaintiff, and the fees and expenses of Class Notice and claims and settlement administration, including the fees of the Claims Administrator, shall be the amount of the Settlement Payment to be distributed to the Settlement Class Members (the "Members' Payment Amount"). The Members' Payment Amount shall be distributed to Settlement Class Members based on the number of facsimile transmissions ("Fax Transmissions") of Faxes that were sent by Defendants to the Settlement Class Members as determined by the Claims Administrator in accordance with the Settlement Agreement. A Settlement Class Member shall be awarded one share ("Share") for each Fax Transmission. Each Share shall entitle a Settlement Class Member to be paid the dollar sum achieved by dividing the Members' Payment Amount by the total number of Shares awarded to all Settlement Class Members. Only the individual or entity that was or is the subscriber to the unique facsimile telephone number is eligible to receive a payment from the Members' Payment Amount, regardless of the number of individuals or businesses who used the same facsimile telephone number. In the event any monies remain of the Members' Payment Amount after payment of all Shares, including monies represented by Uncashed Checks, such remaining monies shall be donated to a 501(c)(3) organization chosen by Defendants, subject to Settlement Class Counsel's consent, which shall not be unreasonably withheld, subject to approval by the Court.

D. **Determination of Fax Transmissions.** The Claims Administrator shall use the MFTD to determine the number of Fax Transmissions of Faxes that the MFTD indicates were sent to the facsimile telephone number(s) listed on the MFTD. The Settlement Class Member shall be awarded one Share for each Fax Transmission of a Fax sent to the Settlement Class Member according to the MFTD. A Settlement Class Member shall also be awarded one Share for each Fax Transmission of a Fax not reflected in the MFTD upon the provision of proof by the Settlement Class Member. A copy of a Fax or a fax log showing a fax transmission of a Fax shall constitute sufficient proof. The determination by the Claims Administrator of the number of Fax Transmissions shall be final and binding on the Settlement Class Member and cannot be appealed or otherwise challenged.

<div align="center">

**Claims Administration**

</div>

4. **Claims Administrator, Claims Administration and Costs of Administration.**

A. The Claims Administrator shall be Kurtzman Carson Consultants LLC, or such other Claims Administrator as is approved by the Court (the "Claims Administrator"). By agreeing to act as the Claims Administrator, the Claims Administrator shall administer the settlement in good faith and in accordance with the terms of this Settlement Agreement. Within 5 business days of the entry of the Preliminary Approval Order, Defendants shall deposit in an escrow account managed by the Claims Administrator $100,000 of the Settlement Payment and shall deposit additional necessary

<div align="center">5</div>



amounts as reasonably estimated by the Claims Administrator within 5 business days of the provision of the estimates (collectively, the "Administrative Costs Advance"). The Administrative Costs Advance shall be used to pay, as they come due, the costs of Class Notice and of the claims and settlement administration and the fees and other costs and expenses of the Claims Administrator and no other cost. The Claims Administrator shall be responsible for compliance with all federal and state tax laws regarding the Settlement Fund and any interest earned thereon, and payment to Settlement Class Members.

B. The Claims Administrator shall establish a settlement website. The website shall include or provide hypertext links to the long-form version of the Notice; the Class Member Information Form in the form of Exhibits 2 and 3 hereto; the First Amended Complaint; the Settlement Agreement; the Motion for Preliminary Approval of Settlement; the Preliminary Approval Order; the Motion for Fees; the Motion for Incentive Award; the Motion for Final Approval of the Settlement and the Judgment and Order. The settlement website shall include the deadlines for the submission of Class Member Information Forms, requests for exclusion from the Settlement Class, objections and final approval and other information pertaining to the settlement and how to submit a Class Member Information Form, a voice recorded IVR with FAQ's, and an interactive function that permits Settlement Class Members to download the Class Notice online. The settlement website to be established by the Claims Administrator will use the URL www.ibisettlement.com, or if not available, a similar domain name referencing Defendants. The settlement website shall be operational no later than the initial issuance of Class Notice and accessible until the earlier of 180 days after entry of the Judgment and Order or the Effective Date. Plaintiff will provide the first draft of all content appearing on the website, which shall then be subject to review and reasonable approval by Defendants. Any disagreement between the Parties regarding the administration of the settlement or the form and content of the settlement website shall not affect the Settlement Agreement; all such disagreements will be mediated on an expedited basis via telephonic conference by John Bickerman and any disputes remaining after mediation will be finally and conclusively determined by the Court without appeal or other challenge by the Parties. Any fees or expenses charged by the mediator shall be considered settlement administration costs.

C. All claims and settlement administration costs and expenses, including, without limitation, costs of Class Notice, developing and maintaining the settlement website, fees and expenses of the mediator and fees and costs of the Claims Administrator, shall be paid, as they come due, first from the Administrative Costs Advance, and thereafter from the Settlement Payment. All records of the Claims Administrator, including but not limited to writings pertaining to this litigation sent to and received from Settlement Class Members or persons who are or claim to be members of the Settlement Class, shall be available for inspection and copying by either Party or the representatives or attorneys of either Party. The Claims Administrator shall retain all records relating to the administration of this settlement, including but not limited to



notices sent to Settlement Class Members, communications with Settlement Class Members, Class Member Information Forms, and records regarding payments to Settlement Class Members for a period of two years after the date Settlement Class Counsel submits its final accounting to the Court. Before destroying any documents relating to the administration of this Settlement Agreement the Claims Administrator shall inform counsel of the Parties of its intent to destroy such documents and provide them with the opportunity to take possession of such documents. To the extent that notice of cancellation of the Settlement Agreement is required by the Court, Defendants shall pay all costs associated with such notice.

D. The Claims Administrator shall be obliged to employ reasonable procedures to screen payments to Settlement Class Members for fraud, waste, or abuse and no payment of the Members Payment Amount to a Settlement Class Member shall be made where the Claims Administrator determines that there is evidence of fraud, waste or abuse.

**5.** **Attorneys' Fees and Costs, and Incentive Award.**

A. Plaintiff and/or Settlement Class Counsel will seek Court approval of their attorneys' fees and litigation-related costs and expenses, payable from the Settlement Payment ("Motion for Fees"). Plaintiffs and/or Settlement Class Counsel will seek (and Defendants shall not object to) Court approval of an attorneys' fee award that does not exceed $12,000,000. All attorneys' fees, costs and expenses approved by the Court to Settlement Class Counsel shall be paid from the Settlement Payment within 19 days after the Effective Date, via wire transfer to a bank account of the Law Offices of Scott Z. Zimmermann. Such payment is contingent upon Scott Z. Zimmermann providing the Claims Administrator with a properly completed Form W-9 prior to such payment.

B. The settlement of the claims of the Settlement Class is not conditioned upon the approval of fees, costs and expenses to Settlement Class Counsel by the Court in any given amount.

C. Plaintiff will seek (and Defendants shall not object to) Court approval of an incentive award ("Motion for Incentive Award") payable from the Settlement Payment in an amount not to exceed $25,000. Any incentive award approved by the Court to Plaintiff shall be paid from the Settlement Payment within 19 days after the Effective Date, via wire transfer to the Client Trust Account of the Law Offices of Scott Z. Zimmermann. Such payment is contingent upon Plaintiff providing the Claims Administrator with a properly completed Form W-9 prior to such payment.

### Class Notice and Claim Submission

**6.** **Master Facsimile Transmission Database.** To facilitate the notice and settlement administration process, Defendants shall, at their sole cost, provide within 30 days, to the Claims Administrator and to Settlement Class Counsel, in an electronically



searchable and readable format the MFTD. The MFTD shall include (i) the names, last known mailing addresses, and unique facsimile telephone numbers for all Settlement Class Members, as such information is contained in the reasonably available computerized records of Defendants and lists Defendants obtained from third party list providers to the extent such third party lists are currently in possession of Defendants, and (ii) the number of Fax Transmissions for each unique facsimile telephone number to the extent the information can be reasonably derived from the reasonably available computerized records of Defendants. The MFTD shall be subject to review and reasonable approval by Settlement Class Counsel.

7. **Class Notice.** Within 30 days after entry of the Preliminary Approval Order, the Claims Administrator will send (i) notice of the Settlement Agreement substantially in the form of <u>Exhibit 1</u> ("Notice") and (ii) the Class Member Information Form substantially in the form of <u>Exhibit 2</u> to Settlement Class Members entitled to a Members' Payment Amount of $599 or less, or the Class Member Information Form substantially in the form of <u>Exhibit 3</u> to Settlement Class Members entitled to a Members' Payment Amount of $600 or more, using the MFTD (with addresses herein updated by the Claims Administrator using the national change of address service of the United States Postal Service Notice Database). The Claims Administrator will send the Notice, together with the applicable Class Member Information Form, by facsimile transmission to each of the unique facsimile telephone numbers contained in the MFTD. For any facsimile transmission of the Notice and Class Member Information Form that is unsuccessful after three attempts, the Claims Administrator will within 3 business days after the last unsuccessful attempt send the Notice and Class Member Information Form by first-class mail to the Settlement Class Member at the address of the Settlement Class Member contained in the MFTD associated with the facsimile telephone number (and if there is no address in the MFTD, to an address obtained through a "reverse directory" internet search conducted by the Claims Administrator using the facsimile telephone number contained in the MFTD, which addresses shall be updated by the Claims Administrator using the national change of address service of the United States Postal Service). For any mailed Notice and Class Member Information Form returned undelivered, the Claims Administrator will within 3 business days perform, on a rolling basis, in good faith a single search using public source databases to attempt to identify the Settlement Class Member's current address. If the Claims Administrator obtains a current address for a particular Settlement Class Member, it will re-mail the Notice and Class Member Information Form to that address within business 3 days after the date it obtains an updated address. Otherwise the Claims Administrator will note in its records that it was unable to locate a current address for the Settlement Class Member. Nothing herein shall serve to extend the time for any Settlement Class Member to submit a Class Member Information Form to the Claims Administrator. The sending of the Notice and Class Member Information Form in accordance with this paragraph shall constitute the "Class Notice." A Class Member Information Form will be timely submitted if it is post-marked or faxed to the Claims Administrator within 60 days from the initial issuance of



Class Notice (the "Submission Deadline"). If a Settlement Class Member that is entitled to receive a Members' Payment Amount of $600 or more fails to timely provide a Taxpayer Identification or Social Security Number via a properly executed Class Member Information Form, the Member's Payment will be subject to withholding as required by the then-existing rules and regulations of the Internal Revenue Service. The Claims Administrator shall also publish in a newspaper of national circulation a Publication Notice, which is attached as Exhibit 4. The Publication Notice shall be published at least three times, with each publication occurring no earlier than one week prior to the previous publication.

9. **Distribution of Members' Payment Amount**. As soon practicable after the Effective Date, but no later than 30 days after the Effective Date, the Claims Administrator shall distribute the Members' Payment Amount to Settlement Class Members entitled to receive the same in the form of checks made payable to the Settlement Class Member and sent via first-class mail to the address identified on the MFTD, or in a timely submitted Class Member Information Form if different from the MFTD. In the event that no name and/or other information is provided or otherwise added to the Class Member Information Form, the check shall be made payable to the name provided on the MFTD. Any Settlement Class Member who does not negotiate a settlement check within 115 days of the date of the check (as printed on the check) forever waives and releases its claim for payment of the amount represented by the settlement check and directs that the amount represented by the settlement check be made to the recipient(s) ordered by the Court under paragraph 3.C above. Each settlement check shall indicate on its face that it shall go stale after 120 days from the date of issuance. After 120 days from the check issuance date, the Claims Administrator shall stop payment on all expired settlement checks (these checks are collectively the "Uncashed Checks").

## Releases

10. **Releases of Defendants' Released Parties**. Except for the rights and obligations contained in or arising out of the Settlement Agreement on the Effective Date:

A. The Class Representative and each member of the Settlement Class who is not excluded from the Settlement Class in the Judgment and Order automatically and immediately releases, acquits, and forever discharges (i) Defendants, (ii) each of Defendants' past, present or future direct or indirect parents, subsidiaries, affiliated entities, general partners, limited partners, members, controlling persons or divisions, and vendors from whom any services in connection with the Faxes were obtained, (iii) any past, present, or future employees, shareholders, investors, officers, directors, agents, members, servants, sureties, insurers, attorneys of any of the foregoing and (iv) each of such persons' or entities' successors or predecessors in interest, assigns and legal representatives (collectively the "Defendants' Released Parties") from any and all claims,

rights (including rights to reimbursement or restitution), demands, actions, causes of action, liabilities, judgments, suits, obligations and complaints of any kind whatsoever, whether known or unknown, averred or that could have been averred in the First Amended Complaint (including without limitation, any and all alleged violations of the TCPA, the regulations of the Federal Communications Commission, or any state statute or regulation containing similar proscriptions as the TCPA), that arise solely from the transmission or intended transmission of one or more Faxes, including, but not limited to, the claims that were brought or that could have been brought by Settlement Class Members in the Action, including in their capacities as: (a) recipients or intended recipients of any Faxes; (b) as subscribers of facsimile telephone numbers to which any of the Faxes were sent or intended to be sent; and (c) as owners of facsimile machines to which any Fax was sent or intended to be sent ("Released Claims").

B. As respects the Released Claims, Settlement Class Members who are not excluded from the Settlement Class in the Judgment and Order waive the rights and benefits, if any, of section 1542 of the California Civil Code, which reads:

> **"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."**

As respects the Released Claims, Settlement Class Members who are not excluded from the Settlement Class in the Judgment and Order shall (a) be deemed to have waived, and by operation of the Judgment and Order shall have waived, any and all provisions, rights and benefits, if any, conferred by section 1542 of the California Civil Code or any law of any state or territory of the United States, or principle of common law, that is similar, comparable or equivalent to section 1542 of the California Civil Code and (b) even though they may each hereafter discover facts other than or different from those that he, she or it now knows or believes to be true arising solely from the transmission or intended transmission of any of the Faxes, they each shall be deemed to have, and by operation of the Judgment and Order shall have, fully, finally, and forever settled and released any and all Released Claims.

C. Each Settlement Class Member who is not excluded from the Settlement Class in the Judgment and Order shall not continue or commence in any federal, state or other court, arbitration proceeding, tribunal, administrative agency, or other forum in the United States or elsewhere any or all claims, rights (including rights to reimbursement or restitution), demands, actions, causes of action, and complaints arising solely from the transmission or intended transmission of any of the Faxes. Any of the Defendants' Released Parties may plead this Settlement Agreement as a complete bar to any and all claims, rights (including rights to reimbursement or restitution), demands, actions, causes



this Action and the releases provided by Settlement Class Members under this Settlement Agreement on the Effective Date. The Class Administrator shall file documents with the Court reporting on Settlement Class Members timely and validly requesting exclusion within 5 business days after the Submission Date, or such other date set by the Court ("Exclusion Report"). If Settlement Class Members who received in aggregate more than 1,000 Faxes timely and validly request to be excluded from the Settlement Class, Defendant shall have the right to terminate this Settlement Agreement by providing written notice of the election to do so to all other Parties within 10 days after the filing of the Exclusion Report. Neither Defendants nor Plaintiff nor any of their respective employees, representatives or attorneys shall encourage, instigate, suggest or propose to any Settlement Class Member that it file a request for exclusion; provided, however, this provision shall not restrict Settlement Class Counsel from advising Settlement Class Members of their rights. In the event that Defendants exercise their right to terminate the Settlement Agreement pursuant to this paragraph, Defendants shall promptly pay Settlement Class Counsel's reasonable attorneys' fees and expenses incurred between November 6, 2014 and the date of termination, along with any mediation fees incurred by Settlement Class Counsel in connection with the November 6 and November 7, 2014 mediation in an amount not to exceed $100,000.

13. **Right to Object.** Any Settlement Class Member who objects to the Settlement, the Motion for Fees and/or Motion for Incentive Award may appear in person or through counsel, at his or her own expense, at the Final Approval Hearing to present any evidence or argument that may be proper and relevant. No Settlement Class Member shall be heard and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court unless no later than 35 days before the final approval hearing or such other date set by the Court (the "Objection Deadline"), the Settlement Class Member files with the Clerk of Court and concurrently mails to Settlement Class Counsel specified in the Notice, written objections verified under penalty of perjury that must include (a) a Notice of Intention to Appear described herein, if applicable; (b) the full name, address and telephone number of the person objecting; (c) a statement of membership in the Settlement Class including his, her or its facsimile telephone number(s) during the Class Period, the name of the person or business who was the subscriber, i.e., who was the billing party of record with the telephone company, of such facsimile telephone number(s) during such period, and evidence of the same; (d) a statement of each objection; and (e) a written brief detailing the specific reasons, if any, for each objection, including any legal and factual support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of the objection(s). Any objector must be available for deposition within 40 miles of his, her or its residence (if within the continental United States, or if not within the continental United States, in Chicago, Illinois) by Settlement Class Counsel and/or Defendants' Counsel within 10 business days following the filing of the objection, and the objection must include each date within that period when the objector will be available and present for deposition. All objections and Notices of Intention shall



of action, and complaints encompassed in the definition of Released Claims brought in derogation of this paragraph.

D. Settlement Class Counsel separately warrant and represent that (1) it/he does not know of the identity of any person or entity who it believes has a claim for the transmission or intended transmission of any facsimile advertisement sent by or on behalf of Defendants other than the Faxes; and (2) it/he does not currently represent any persons or entities with respect to claims for the transmission or intended transmission of any facsimile advertisement by or behalf of Defendants other than the Faxes.

Acknowledged for Law Offices of Scott Z. Zimmermann: _____

Acknowledged for Payne & Fears LLP: _____

Acknowledged for Frank Owen & Associates P.C.: _____

Acknowledged for Guin, Stokes & Evans LLP: _____

### Settlement Approval Process

**11.    Preliminary Approval Order.** Plaintiff will move the Court for an order preliminarily approving the Settlement Agreement (the "Preliminary Approval Order") substantially in the form of Order attached hereto as Exhibit 5 as promptly as reasonably practicable. If the Preliminary Approval Order is granted, the hearing for final approval of the Settlement Agreement shall occur as early as practicable given the Court's calendar, the giving of CAFA Notice (as provided in paragraph 24) and claims and settlement administration.

**12.    Right of Exclusion.** Any Settlement Class Member who properly files a timely written request for exclusion from the Settlement Class shall be excluded from the Settlement Class and shall have no other rights or obligations as a Settlement Class Member pursuant to this Settlement Agreement. A request for exclusion must be in writing and state the name, address, current telephone number and facsimile telephone number(s) during the Class Period, of the person or entity seeking exclusion, and be signed by an authorized representative of the Settlement Class Member. Each request must also contain a statement requesting that the Settlement Class Member be excluded from the Settlement Class. The request must be mailed or faxed to the Claims Administrator at the street address or fax number provided in the Class Notice and post-marked or received on or before the Submission Deadline, or such other date set by the Court. A request for exclusion that is not signed, does not include   all   of   the foregoing information, that is sent to an address or fax number other than the one designated in the Class Notice, or that is not received within the time specified, shall be invalid and the person or entity serving such a request shall be a Member of the Settlement Class and shall be bound as a Settlement Class Member by the settlement of

11



be forwarded to Defendants' Counsel within 2 days of Settlement Class Counsel's receipt. Only persons who file and serve a Notice of Intention to Appear, or his, her or its attorney identified in the Notice of Intention to Appear, may make an appearance or speak at the Final Approval Hearing. Any objector who fails to object in the manner prescribed herein shall be deemed to have waived his, her or its objections and shall be forever barred from making any such objections in the Action or in any other proceeding or from challenging or opposing, or seeking to reverse, vacate or modify any approval of the Settlement Agreement, the Judgment and Order and any attorneys' fee or costs or incentive award approved by the Court. In the event that any Settlement Class Member objects in the manner prescribed herein, Plaintiff and Defendant shall be afforded full opportunity to respond to such objections.

**14.    Judgment and Order**. At the hearing for final approval, Plaintiff shall move that the Court enter final judgment (the "<u>Judgment and Order</u>"), substantially in the form attached hereto as <u>Exhibit 6</u>. This Settlement Agreement is contingent upon the (1) Court entering the Judgment and Order substantially in the form of Exhibit 6, or in a form mutually agreed to by the Parties, and (2) the Effective Date occurring.

**15.    Finality of Judgment and Effective Date**. The Judgment and Order and the settlement shall be deemed final ("Effective Date"): (a) 35 days after the Judgment and Order is entered if no document is filed within that time seeking appeal, review, rehearing, reconsideration, or any other action regarding the Judgment and Order; or (b) if any such document is filed, 14 days after all appellate and/or other proceedings (including but not limited to proceedings in the Court in the event of a remand) have been finally terminated in such a manner as to permit no further judicial action, and with the Settlement Agreement, Preliminary Approval Order, and Judgment and Order being affirmed and approved in all material respects.

### Miscellaneous Provisions

**16.    Interpretation**. This Settlement Agreement contains the entire agreement among the Parties and supersedes any prior agreements or understandings among them. All terms are contractual and not mere recitals.

**17.    Headings**. The headings in this Settlement Agreement are for reference purposes only and shall not affect the meaning or interpretation of this Settlement Agreement.

**18.    No Rescission on Grounds of Mistake**. The Parties acknowledge that they have made their own investigations of the matters covered by this Settlement Agreement to the extent they have deemed it necessary to do so. The Parties shall reasonably cooperate to the extent necessary to respond to questions of fact that may be raised by the Court or other non-parties to this Settlement Agreement during the approval process. Therefore, the Parties agree that they will not seek to set aside any part of the Settlement

13



Agreement on the grounds of mistake. The Parties expressly assume the risk that any fact not recited in the Settlement Agreement may turn out to be different from or contrary to the facts now known to them or believed by them to be true, and further agree that the Settlement Agreement shall not be subject to termination, modification, or rescission by reason of any such difference in facts.

19. **Amendment**. This Settlement Agreement may be amended or modified only by a written instrument signed by the Parties and their counsel, and approved by the Court.

20. **Construction**. For the purpose of construing or interpreting this Settlement Agreement, the Parties agree that it is to be deemed to have been drafted equally by all Parties and shall not be construed strictly for or against any of the Parties.

21. **Integration of Recital Paragraphs and Exhibits**. The Recital paragraphs and exhibits to this Settlement Agreement are an integral and material part of the settlement and are hereby made a part of the Settlement Agreement.

22. **Jurisdiction**. For purposes of the Settlement Agreement, including, but not limited to, its approval, enforcement and administration, the Court has jurisdiction over the Parties, the Settlement Class Members, the Claims Administrator, the claims asserted in the Action, claims made by the Settlement Class, and all Released Claims.

23. **No Admission**. Neither this Settlement Agreement, nor any of its provisions, nor any of the documents (including, but not limited to, drafts of the Settlement Agreement, the Preliminary Approval Order or the Judgment and Order), negotiations, or proceedings relating in any way to the settlement, shall be construed as or deemed to be evidence of an admission by any person, including Defendants, and, except for publicly available documents, shall not be offered or received in evidence, or subject to discovery, in this or any other action except in an action brought to enforce the terms of the Settlement Agreement or except as may be required by law or court order. The provisions of this paragraph shall be binding regardless of whether the Settlement Agreement is approved by the Court or any other court and regardless of whether the Settlement Agreement is terminated or cancelled in accordance with the terms provided in this Settlement Agreement.

24. **CAFA Notice**. Within 10 days of the filing of the motion for preliminary approval Defendants shall comply with the requirements of 28 U.S.C. § 1715(b) at their own expense and shall promptly file a notice with the Court that they have complied with the CAFA notice requirements.

25. **Supervision of Claims Administrator**. Defendants and their counsel shall have no obligation to supervise or control the actions of the Claims Administrator or to ensure that it complies with its obligations under this Settlement Agreement.



**26.** **Confidentiality.** Prior to the submission of this Settlement Agreement to the Court for preliminary approval, the terms of the settlement between the Parties and of this Settlement Agreement shall be kept confidential by the Parties and their respective directors, officers, attorneys, agents, and representatives, except in connection with any action or proceeding to enforce this Settlement Agreement, or as required by law or court order. Until the Effective Date, aside from communications with members of the Settlement Class or the Claims Administrator, or as otherwise agreed upon by Defendants, Settlement Class Counsel shall not issue any extra-judicial public statement regarding this Settlement Agreement except to the extent required by law. Following the Effective Date, none of the Parties shall disparage any of the other Parties.

**27.** **Governing Law.** This Settlement Agreement shall be governed by and construed in accordance with the internal laws (as opposed to the conflicts of law provisions) of the State of Illinois, including the covenant of good faith and fair dealing implied by law.

**28.** **Counterparts.** This Settlement Agreement may be executed in one or more counterparts, all of which together shall constitute one and the same instrument. It shall not be necessary for the proof of this Settlement Agreement that any Party produce or account for more than one such counterpart. This Settlement Agreement may be signed and delivered by facsimile transmission or electronic transmission (pdf file format), and such facsimile or electronic signature shall be afforded same force and effect as original signatures for all purposes.

**29.** **Notices.** All demands, notices, requests, consents, and other communications hereunder shall be in writing and shall be deemed to have been duly given (i) when delivered by courier service or messenger, or (ii) upon the date of actual transmission if transmitted by facsimile or email, to the following addresses, or such other addresses as may be furnished hereafter by notice in writing, to the following Parties:

      (a)     in the case of notice to Plaintiff and/or the Settlement Class to:

> Law Offices of Scott Z. Zimmerman
> Scott Z. Zimmerman
> 601 S. Figueroa Street Suite 2610
> Los Angeles, CA 90017
> szimm@zkcf.com
>
> Payne & Fears LLP
> C. Darryl Cordero
> 801 S. Figueroa Street Suite 1150
> Los Angeles, CA 90017
> cdc@paynefears.com



(b)    in the case of notice to Defendants, to:

Michael Agliata
701 San Marco Blvd.
Jacksonville, FL 32207
michael.agliata@interlinebrands.com

Andy Clubok
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022
aclubok@kirkland.com

**30.    Additional Documents and Actions**.  Each of the Parties shall execute and deliver such further documents, and shall take or cause to be taken such other and further action, from time to time necessary or desirable, to order to effectuate the terms and provisions of this Settlement Agreement.

**31.    Vacatur of August 29 Order**.  The Parties stipulate that, as of the Effective Date, and conditioned upon the occurrence of the Effective Date, the August 29 Order is mooted by this Settlement Agreement and therefore should be vacated. Approval of the stipulation, or any other action, by the Court is not a condition to the validity of this Settlement Agreement.

**32.    Disputes Over Exhibits**.  The Parties agree that the precise contents of any Exhibits to this Settlement Agreement are immaterial to the enforceability thereof.  The Parties will cooperate in resolving any disputes over the contents of the Exhibits in good faith.  In the event the Parties are unable to reach agreement, the Parties shall engage in mediation via telephone on an expedited basis before John Bickerman.  In the event the mediation is unsuccessful, the Parties will submit any such disputes to the Court for a final resolution without any appeal or other challenge.

**33.    Binding Agreement**.  The Parties agree that the Settlement Agreement is a binding, enforceable, and admissible agreement and contains all materials terms.



**IN WITNESS WHEREOF,** the undersigned have caused this Settlement Agreement to be executed as of the dates set forth below:

**ON BEHALF OF PLAINTIFF AND THE SETTLEMENT CLASS**

David Brupjes
Title: President of Craftwood Lumber Company
Date: November 7, 2014

**ON BEHALF OF INTERLINE BRANDS, INC., A DELAWARE CORPORATION:**

Name: Michael Agliata
Title: VP, General Counsel & Secretary
Date: November 7, 2014

**ON BEHALF INTERLINE BRANDS, INC., A NEW JERSEY CORPORATION:**

Name: Michael Agliata
Title: VP, General Counsel & Secretary
Date: November 7, 2014

17

11. D.  Settlement Class Counsel separately warrant and represent that (1) it/he does not know of the identity of any person or entity who it believes has a claim for the transmission or intended transmission of any facsimile advertisement sent by or on behalf of Defendants other than the Faxes; and (2) it/he does not currently represent any persons or entities with respect to claims for the transmission or intended transmission of any facsimile advertisement by or behalf of Defendants other than the Faxes.

Acknowledged for Law Offices of Scott Z. Zimmermann:_____

Acknowledged for Payne & Fears LLP:_____

Acknowledged for Frank Owen & Associates P.C.:_____

Acknowledged for Guin, Stokes & Evans LLP:_____

## SPECIFIC POWER OF ATTORNEY

Craftwood Lumber Company ("Craftwood") hereby grants a specific power of attorney to Scott Zimmermann and C. Darryl Cordero to act as Craftwood's attorney-in-fact. Said attorney-in-facts shall each separately have full power and authority to undertake and perform any of the following acts on Craftwood's behalf: to negotiate settlement of the case generally entitled Craftwood Lumber Company v. Interline Brands, Inc. pending the United States District Court for the Northern District of Illinois, Case No. 11-C-4462 ("Case") with any or all defendants therein, and to enter into any or all agreements for the settlement of the Case with any or all defendants therein.

This power of attorney is effective upon execution. This power of attorney cannot be revoked prior to November 11, 2014, at 12:00 noon CST.

Signed this *19* day of October, 2014.

CRAFTWOOD LUMBER COMPANY

By: _____
David Brunjes
One of its Officers

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CRAFTWOOD LUMBER COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11 CV 4462 |
| | ) | |
| INTERLINE BRANDS, INC. a Delaware corp. | ) | Judge John Grady |
| and INTERLINE BRANDS, INC. a New Jersey | ) | |
| corp., | ) | |
| | ) | |
| Defendants. | ) | |

**ACKNOWLEDGEMENT OF AGREEMENT AS TO EXHIBITS TO CLASS ACTION
SETTLEMENT AGREEMENT DATED NOVEMBER 7, 2014**

The Parties to the Class Action Settlement Agreement dated November 7, 2014 (the

"Settlement Agreement"), by and through their respective counsel, do hereby acknowledge that

they have agreed upon Exhibits 1 through 6 to the Settlement Agreement in the form of the

attached Exhibits 1 through 6 and that said Exhibits are incorporated and made a part of the

Settlement Agreement.

**ON BEHALF OF PLAINTIFF AND THE SETTLEMENT CLASS**

SCOTT Z ZIMMERMAN, ESQ.
Counsel for Plaintiff and the Settlement Class
Dated: November 14, 2014

**ON BEHALF OF DEFENDANTS INTERLINE BRANDS, INC. a Delaware Corporation
and INTERLINE BRANDS, INC. a New Jersey Corporation**

BART T. MURPHY, ESQ.
Counsel for Defendants
Dated: November 14, 2014

# EXHIBIT 1

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**

*CRAFTWOOD LUMBER COMPANY v. INTERLINE BRANDS, INC., Case* No. 11-CV-4462

## NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

# If you were sent fax advertisements from Interline Brands, Inc., you may be entitled to a payment from a class action settlement.

A settlement has been reached in a class action lawsuit against Defendants Interline Brands, Inc. ("Interline"), about fax advertisements sent between May 10, 2007, and July 4, 2011. The court presiding over the lawsuit has preliminarily certified the Settlement Class, which has been defined as:

> [A]ll persons and entities that were subscribers of facsimile telephone numbers (i.e., who were the billing party on record with the telephone company) that were sent an advertisement (as defined under the Telephone Consumer Protection Act) during the period of May 10, 2007 to July 4, 2011 (the "Class Period"), via facsimile ("Fax" and collectively the "Faxes") by or on behalf of Defendants in this Action.

You have received this notice because Interline's records indicate you are a member of the Settlement Class. If you are a Settlement Class member you are entitled to automatically receive a payment from the settlement. Only subscribers of the fax telephone numbers to which Faxes were sent are eligible to be paid, regardless of who else used the same fax telephone number.

### WHAT IS THE LAWSUIT ABOUT?

Plaintiff Craftwood Lumber Company ("Plaintiff") sued Interline alleging that Interline violated the Telephone Consumer Protection Act ("TCPA") by sending, via facsimile transmission, unsolicited advertisements and advertisements that did not comply with the TCPA's opt-out notice requirements. The Faxes promoted products sold by the following Interline brands: Hardware Express, Barnett Pro, Barnett Wholesale, Barnett Export, Leran, All Fit, U.S. Lock, Maintenance USA, Sexauer, Wilmar and Sunstar. The TCPA provides that a person who is sent an advertisement in violation of the TCPA may bring an action against the sender and recover either its actual damages or statutory damages of $500 per fax transmission. Further, the TCPA provides that the Court may in its discretion increase the statutory damages up to a maximum of $1,500 per fax transmission if the plaintiff proves the defendant willfully violated the TCPA.

Interline denies it violated the TCPA and the court has not decided who is right. Interline will vigorously defend the lawsuit if the proposed settlement is not approved. Interline has agreed to settle this action to avoid the costs and uncertainties of litigation. Plaintiff has agreed to settle

because it believes that the settlement is in the best interests of the Settlement Class and conveys substantial benefits to class members.

### WHO REPRESENTS YOU?

The court has appointed Scott Z. Zimmermann of the Law Offices of Scott Z. Zimmermann and C. Darryl Cordero of Payne & Fears LLP as co-lead Settlement Class Counsel. You may retain your own attorney at your expense to represent you should you wish to do so.

### WHAT DOES THE SETTLEMENT PROVIDE?

Interline will pay Settlement Class members $40 million, less costs of class notice and settlement administration expenses; attorneys' fees (not to exceed 30% of the gross settlement payment) and litigation-related costs to Settlement Class Counsel as approved by the Court; and the amount of an incentive award, if any, awarded by the court to Plaintiff for its service in the case (not to exceed $25,000). Settlement Class Counsel and Plaintiff have prosecuted the case for more than 3½ years without compensation.

Your payment amount will be determined by the number of Faxes that were sent to your fax telephone number in relation to the total Faxes sent to all class members. The number of transmissions to you was determined by using available Interline records and is indicated on the accompanying Class Member Information Form. It is possible that you may have received additional Faxes not reflected in Interline's records. If you timely submit satisfactory proof, as determined by the Claims Administrator, that you received additional Faxes (such as copies of the additional Faxes with transmission legend or fax logs from your fax machine) you will be credited with those additional Faxes. The decision of the Claims Administrator of the validity of any claim for additional Faxes is final on Settlement Class members.

If you want to submit proof of additional Faxes you must submit it to the Claims Administrator along with the Claim Member Information Form on or before [DATE]. (See Section 2 of accompanying Class Member Information Form.) If you do not timely provide satisfactory proof of additional Faxes you will receive payment based on the Faxes indicated on the Class Member Information Form.

QUESTIONS? Call [add] Toll Free, or Visit www.ibisettlement.com

## HOW DO YOU RECEIVE PAYMENT?

The accompanying Class Member Information Form contains the name of the payee to which the settlement check will be issued and the address to which the check will be sent, according to Interline's records. You can use the Form to correct payee and address information, and to provide your tax identification number or social security number, if requested. If no corrections are necessary, and no tax ID information is requested, you don't need to return the Form to receive your payment. But if corrections are made and/or tax ID information is requested and provided, you must sign and submit the Form no later than [DATE]. If the requested tax ID information is not timely provided, your payment will be subject to automatic withholding by the Internal Revenue Service.

## WHAT ARE YOUR OPTIONS?

### 1) DO NOTHING

If you do nothing you will receive a check for the Faxes indicated on the Class Member Information Form and the check will be mailed to the address indicated on the Form. You will also be bound by the release provided to Interline and related parties under the Settlement Agreement.

### 2) SUBMIT CLASS MEMBER INFORMATION FORM AND CLAIM ANY ADDITIONAL FAXES YOU RECEIVED FROM INTERLINE

If you submit a Claim Member Information Form containing updated information, the settlement check will be sent according to the updated information. If you timely submit satisfactory proof of additional Faxes you received from Interline (other than those indicated on the Form) the Claims Administrator will determine whether you are entitled to credit for the additional Faxes.

### 3) EXCLUDE YOURSELF FROM SETTLEMENT

You may exclude yourself from the Settlement Class by submitting a request for exclusion to the Claims Administrator via mail or fax (see Class Member Information Form for address and fax number). If you exclude yourself, you can't get money from this settlement and you will not be bound by the release in the Settlement Agreement. To exclude yourself from the settlement, you must make a signed written request for exclusion that includes your name and current address, current telephone number and facsimile telephone number(s) during May 10, 2007, to July 4, 2011. Requests for exclusion must be received by the Claims Administrator no later than [DATE]. The detailed notice on the settlement website (www.ibisettlement.com) provides further information on how to exclude yourself.

### 4) OBJECT TO THE SETTLEMENT

You may object to any aspect of this settlement by filing an objection with the court and serving a copy on Settlement Class Counsel (C. Darryl Cordero, Payne & Fears LLP, 801 S. Figueroa St., Ste. 1150, Los Angeles, CA 90017) by [DATE].

All objections must state the reason for your complaint about the settlement, and submit proof or evidence you may have in support of your objection and state whether you intend to appear at the final approval hearing. The detailed notice on the settlement website (www.ibisettlement.com) provides further information on how to object.

### FINAL APPROVAL HEARING

Before any money is paid, the court will hold a hearing to decide whether to give final approval to the settlement and to decide the amount of fees and costs to Settlement Class Counsel and the amount, if any, of the incentive award to Plaintiff. The final approval hearing is scheduled to take place on [add date/time] in Courtroom [add] of the U.S. District Courthouse located at 219 S. Dearborn, Chicago, IL 60604. The hearing can be continued without further notice.

### WHERE CAN YOU GET MORE INFORMATION

This notice is intended only as a summary of the lawsuit and proposed settlement. It is not a complete statement of the lawsuit or the proposed settlement. The Settlement Agreement governs in the event of any conflict between this notice and the Settlement Agreement. To obtain additional information regarding this settlement you may: (1) call the Claims Administrator at [xxx xxx-xxxx]; (2) view the settlement website (www.ibisettlement.com), which includes or will include copies in downloadable format of a detailed notice, Class Member Information Form, the Settlement Agreement, the most recent version of the Complaint filed in the lawsuit, the Motion for Preliminary Approval of the Settlement, the Court Order granting Preliminary Approval, the Motion for Final Approval of the Settlement, the Motion for Fees and Costs and Motion for Incentive Award. The website will also include other important information relating to the settlement; or (3) inspect the complete court file at the office of the Clerk of the Court at the United States Courthouse, 219 S. Dearborn St., 20th Floor, Chicago, IL 60604 or access the court file via PACER (information about PACER can be found on the court's general website: www.ilnd.uscourts.gov).

**DO NOT CONTACT THE COURT, DEFENDANTS OR DEFENDANTS' COUNSEL FOR INFORMATION.**

BY ORDER OF THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

# EXHIBIT 2

EXHIBIT 2

## CLASS MEMBER INFORMATION FORM
### *Craftwood Lumber Company v. Interline Brands, Inc.*

**1.      CHECK PAYEE and ADDRESS:**

**Based on Interline's records, the check for your share of the settlement proceeds for the "Faxes" (as defined in the accompanying Notice) sent to *<fax number from database>* will be mailed as follows:**

  a. Payee on Check:  &lt;Company name from database&gt;
  b. Street Address:  &lt;Street address from database&gt;
  c. City, State, ZIP:  &lt;City, State, ZIP from database&gt;

**\*\* If this information is correct your check will be mailed to this payee at this address.  If the information is incorrect, you should provide the correct information immediately below no later that [DATE].  <60 days>**

  a. Payee on Check: _____

  b. Street Address: _____

  c. City/State/Zip Code: _____

**2.      FAXES SENT TO YOU**

**A. Interline's records reflect that Faxes were sent to *<fax number from database>* on the following dates:**

**[INSERT DATES OF FAXES – info from MFTD]**

**B. Because Interline's records are not complete, Faxes in addition to those listed above may have been sent to *<fax number from database>*.  If you have proof that Interline sent additional Faxes in the period May 10, 2007, to July 4, 2011, you must submit such proof (e.g. copies of the Faxes with transmission legend or fax logs showing Faxes sent by Interline) along with this Form (filled out as indicated below) no later than [DATE].  <60 days>  Please state below the date(s) on which you received additional Faxes:**

_____

_____

_____

**[Attach additional sheet(s) if necessary]**

EXHIBIT 2

**\*\* The decision of the Claims Administrator of the validity of any claim for additional Faxes is final on all Settlement Class members. If satisfactory proof of additional Faxes is not timely submitted and accepted the amount of the settlement check will be calculated based on the number of Faxes reflected in Interline's records.**

**3.      CERTIFICATION [Required only if you provide corrected information (in Section 1) or proof of additional Faxes (in connection with Section 2.B]:**

I certify under penalty of perjury that (a) the information I provided on this form is true and correct; and (b) in the case of a business entity that I am an authorized representative of such business entity to provide the information in the form.

Signature: _____

Print Name: _____

Title/Position/Company: _____

Telephone Number (in case we need to contact you): _____

Email Address (in case we need to contact you): _____

If you have provided any corrected information on this Form in Section 1 and/or you want to provide proof of additional Faxes in connection with Section 2, you must sign and complete the Certification (Section 3) and return this Form and/or provide proof of additional Faxes no later than [DATE] <60 days> as follows:

(a) By fax to:  <fax number>

***OR***

(b) By mail to:  <name and address of claims administrator >

**Questions? Call <toll free telephone number> or visit www.ibisettlement.com**

# EXHIBIT 3

EXHIBIT 3

## CLASS MEMBER INFORMATION FORM
### *Craftwood Lumber Company v. Interline Brands, Inc.*

**1.     CHECK PAYEE and ADDRESS:**

**Based on Interline's records, the check for your share of the settlement proceeds for the "Faxes" (as defined in the accompanying Notice) sent to** *<fax number from database>* **will be mailed as follows:**

      a. Payee on Check:     <Company name from database>
      b. Street Address:     <Street address from database>
      c. City, State, ZIP:     <City, State, ZIP from database>

**\*\* If this information is correct your check will be mailed to this payee at this address. If the information is incorrect, you should provide the correct information immediately below no later that [DATE]. <60 days>**

      a. Payee on Check: _____

      b. Street Address: _____

      c. City/State/Zip Code: _____

**2.     FAXES SENT TO YOU**

**A. Interline's records reflect that Faxes were sent to** *<fax number from database>* **on the following dates:**

[INSERT DATES OF FAXES – info from MFTD]

**B. Because Interline's records are not complete, Faxes in addition to those listed above may have been sent to** *<fax number from database>*. **If you have proof that Interline sent additional Faxes in the period May 10, 2007, to July 4, 2011, you must submit such proof (e.g. copies of the Faxes with transmission legend or fax logs showing Faxes sent by Interline) along with this Form (filled out as indicated below) no later than [DATE]. <60 days> Please state below the date(s) on which you received additional Faxes:**

_____

_____

_____

**[Attach additional sheet(s) if necessary]**

EXHIBIT 3

**\*\* The decision of the Claims Administrator of the validity of any claim for additional Faxes is final on all Settlement Class members. If satisfactory proof of additional Faxes is not timely submitted and accepted the amount of the settlement check will be calculated based on the number of Faxes reflected in Interline's records.**

**\*\* IRS regulations require that if the amount the Payee is to receive is $600 or more, the Claims Administrator must withhold a portion of the settlement payment and remit this sum to the IRS. Please provide tax identification information requested in Section 3 (below).**

### 3. TAX IDENTIFICATION INFORMATION

**The FEIN or Tax ID No. for the Payee on the settlement check is :**

_____

**\*\* Please sign the Certification (Section 4 below). If you don't sign the Certification, any information provided in Sections 1, 2 and 3 may be disregarded.**

### 4. CERTIFICATION

I certify under penalty of perjury that (a) the information I provided on this form is true and correct; and (b) in the case of a business entity that I am an authorized representative of such business entity to provide the information in the form.

Signature: _____

Print Name: _____

Title/Position/Company: _____

Telephone Number (in case we need to contact you): _____

Email Address (in case we need to contact you): _____

A properly signed and completed form and/or any proof of additional Faxes must be provided no later than [DATE] <60 days> as follows:

(a) By fax to: <fax number>

***OR***

(b) By mail to: <name and address of claims administrator >

**Questions? Call <toll free telephone number> or visit www.ibisettlement.com**

# EXHIBIT 4

EXHIBIT 4

<div align="center">

**Notice of Class Action and Proposed Settlement**
***Craftwood Lumber, Inc. v. Interline Brands, Inc.*, No. 11-CV-4462 (USDC N.D. IL)**

</div>

**If you were sent fax advertisements from Interline Brands, Inc. during the "Class Period," you could be entitled to a payment from a class action settlement.**

This is notice of a proposed settlement of a class action lawsuit against Defendants Interline Brands, Inc. ("Interline") about fax advertisements sent during the period of May 10, 2007, to July 4, 2011 ("Class Period"). The lawsuit alleges that Interline violated the Telephone Consumer Protection Act by sending fax advertisements to the class. The Court has granted preliminary approval of the settlement. If you were the subscriber (i.e., the billing party on record with the telephone company) of a fax telephone number during the Class Period to which Interline sent fax advertisements, you are entitled to receive a payment under the settlement. Under the settlement, Interline will pay class members a total of $40 million, less costs of class notice and administration expenses; the amount of attorneys' fees (not to exceed 30% of the gross settlement payment) and litigation-related costs to the class attorneys as approved by the Court; and the amount of an incentive award, if any, awarded by the Court to the named Plaintiff for its service in the case (not to exceed $25,000).

The Claims Administrator issued notices about the settlement to the class based upon the records of Interline that showed who received fax advertisements during the Class Period. If you did not receive a notice regarding the settlement from the Claims Administrator, and you received a fax advertisement from Interline during the Class Period, in order to participate in the settlement and receive a payment, you must send the Claims Administrator sufficient proof (such as copies of fax advertisements with transmission legends or fax logs) that you received fax advertisements from Interline during the Class Period. You must mail or fax any such proof, together with your name, current address, telephone number and email address, and your fax telephone number(s) during the Class Period, to the Claims Administrator so that it is post-marked or received on or before [INSERT DATE] to the following address or fax number: [INSERT KCC ADDRESS AND FAX #]. If the Claims Administrator determines your proof is timely submitted and sufficient (the decision of the Claims Administrator is final), your share of the net settlement fund will be determined by the number of transmissions of fax advertisements that were sent to your fax telephone number(s) in relation to the total transmissions of fax advertisements sent to all class members as determined by the Claims Administrator.

You may exclude yourself from the settlement class by submitting a request for exclusion to the Claims Administrator no later than [DATE]. If you exclude yourself, you can't get money from this settlement. You may object to any aspect of this settlement by filing an objection with the court and serving a copy of the objection on one of the class attorneys by [DATE]. The detailed notice is available on the settlement website (www.ibisettlement.com) and it explains how to exclude yourself or object.

Before any money is paid, the court will hold a hearing to decide whether to give final approval to the settlement and to decide the amount of fees and costs to award to the class attorneys and the amount, if any, of the incentive award to Plaintiff. The final approval hearing is scheduled to take place on [add date/time] in Courtroom [add] of the U.S. District Courthouse located at 219 S. Dearborn, Chicago, IL 60604. The hearing can be continued without further notice.

For further information on the terms of settlement; the benefits available to you under it; how the lawsuit and the settlement may affect your legal rights; and how and when to claim fax advertisement transmissions, request exclusion or to object, **log on to: www.ibisettlement.com or call the Claims Administrator at: [add]**

<div align="center">

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS OR DEFENDANTS' COUNSEL**

</div>

# EXHIBIT 5

EXHIBIT 5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CRAFTWOOD LUMBER COMPANY, an Illinois corporation, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 11-CV-4462 |
| vs. | ) ) ) | Hon. John F. Grady, Hon. Amy J. St. Eve |
| INTERLINE BRANDS, INC., a Delaware corporation; INTERLINE BRANDS, INC., a New Jersey corporation, | ) ) ) ) | |
| Defendants. | ) | |

## [PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT

THIS MATTER, having come before the Court on the motion of Plaintiff Craftwood Lumber Company ("Plaintiff"), requesting preliminary approval of a settlement of this class action litigation (the "Action") with Defendants Interline Brands, Inc., a Delaware corporation, and Interline Brands, Inc., a New Jersey corporation (collectively "Defendants"), in accordance with a Settlement Agreement made between them that, together with the exhibits annexed thereto (collectively, the "Settlement Agreement," a copy of which was made a part of Plaintiff's motion for preliminary approval), setting forth the terms and conditions for the proposed settlement, and the Court having heard argument of counsel and being otherwise fully advised in the premises, the Court hereby finds that:

(a)     The settlement proposed in the Settlement Agreement has been negotiated at arms' length and is not collusive, and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the proposed Settlement Class (as defined below);

(b)     With respect to the proposed Settlement Class, this Court preliminarily finds, solely for purposes of effectuating the proposed settlement, that class certification is appropriate; and

(c)     The Notices of Class Action and Proposed Settlement (short-form attached as Exhibit 1, publication notice attached as Exhibit 4 and long-form attached as Exhibit 7), the Class Member Information Forms (attached as Exhibits 2 and 3), and the method of providing such Notices and Forms to the proposed Settlement Class (as described in Settlement Agreement ¶ 8), comply with Fed. R. Civ. P. 23(e) and due process, constitute the best notice practicable under the circumstances, and provide due and sufficient notice to all persons entitled to notice of the settlement of this Action.

**IT IS THEREFORE ORDERED THAT:**

1.     The settlement proposed in the Settlement Agreement is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class. The settlement is therefore preliminarily approved, subject to further consideration at the Final Approval Hearing described below.

2.     For purposes of effectuating the settlement only, the following class (the "Settlement Class") is conditionally certified:

> All persons and entities that were subscribers of facsimile telephone numbers (i.e., who were the billing party on record with the telephone company) that were sent an advertisement (as defined in the Telephone Consumer Protection Act) during the period of May 10, 2007, to July 4, 2011 (the "Class Period"), via facsimile ("Fax" and collectively the "Faxes") by or on behalf of Defendants in this Action.

3.     Plaintiff is designated and appointed representative of the Settlement Class.

4.     C. Darryl Cordero of Payne & Fears LLP and Scott Zimmermann of the Law Offices of Scott Z. Zimmermann, as lead settlement class counsel, and Frank F. Owen of Frank

Owen & Associates P.C., and Charles R. Watkins of Guin, Stokes & Evans LLP, as settlement class counsel, are designated and appointed as Settlement Class Counsel.

5.    Kurtzman Carson Consultants LLC is designated and appointed as the Claims Administrator under the Settlement Agreement.

6.    The Notices of Class Action and Proposed Settlement and Class Member Information Forms attached hereto as Exhibits 1, 2, 3, 4 and 7 are approved.

7.    Within 30 days after the entry of this Order, the Notices of Class Action and Proposed Settlement and Class Member Information Forms attached hereto as Exhibits 1, 2 and 3 shall be sent by the Claims Administrator to all putative Settlement Class Members in accordance with paragraph 8 of Settlement Agreement; the publication form of the Notice of Class Action and Proposed Settlement attached hereto as Exhibit 4 shall be published in accordance with paragraph 8 of the Settlement Agreement; and the long-form Notice of Class Action and Proposed Settlement attached hereto as Exhibit 7 shall be posted on the settlement website (www.ibisettlement.com). This notice complies with Fed. R. Civ. P. 23(e) and due process, constitutes the best notice practicable under the circumstances, and is sufficient notice to all persons entitled to notice of settlement of this Action.

8.    The provisions for settlement administration set forth in the Settlement Agreement shall be followed in administering the settlement.

9.    The deadline for Settlement Class Members to submit their respective Class Member Information Forms to the Claims Administrator shall be 60 days from the initial issuance of Exhibits 1, 2 and 3 to the Settlement Class (the "Submission Date").

10.    Members of the Settlement Class may request exclusion from the Settlement Class as provided in the Settlement Agreement. Any request for exclusion must be received by

the Claims Administrator on or before the Submission Deadline. Any request for exclusion received after the aforementioned date, or that does not comply with the requirements as set forth in the Settlement Agreement shall not be valid. The Claims Administrator shall file documents with the Court reporting on the Settlement Class Members timely and validly requesting exclusion no later than five business days after the Submission Deadline.

11.      Settlement Class Counsel and/or Plaintiff shall file a motion for final approval of the Settlement Agreement no later than _____, 2015.

12.      Settlement Class Counsel and/or Plaintiff shall file a "Motion for Fees" and a "Motion for Incentive Award" (as those terms are defined in paragraphs 5.A and 5.C, respectively, of the Settlement Agreement) no later than _____, 2015.

13.      Members of the Settlement Class shall have the right to object to the proposed settlement, the Motion for Fees and the Motion for Incentive Award. No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court unless, no later than _____, 2015, the Settlement Class Member files with the Clerk of Court and concurrently personally serves or mails to addresses of Settlement Class Counsel specified in the Notice to the Settlement Class, written objections and if the objector intends to appear at the Final Approval Hearing, a notice of intention to appear, each of which conforms to the requirements as set forth in the Notice to Class Action and Proposed Settlement ( Exhibit 7). Plaintiff and Defendants shall file their written responses to timely-filed objections, if any, no later than _____, 2015. There shall be no replies.

14.     A hearing to determine whether the settlement should be given final approval, and to decide the Motion for Fees and Motion for Incentive Award (the "Final Approval Hearing"), will be conducted on _____, 2015, at _____ .M. in Courtroom [__] of this Court.

15.     All proceedings in this Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement Agreement, and this Order, are hereby stayed and suspended until further order of this Court.

16.     In aid of the Court's jurisdiction to implement and enforce the proposed settlement, Plaintiff and all Settlement Class Members shall be preliminarily enjoined, during the period from the entry of the Preliminary Approval Order to the date of the Final Approval Hearing, from commencing or prosecuting any action asserting any of the claims and causes of action to be released under the Settlement Agreement, either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other authority or forum wherever located. Any person or entity that knowingly violates the injunction shall pay the costs and attorneys' fees incurred by Defendants or any other party to be released under the Settlement Agreement as a result of the violation. Nothing in this paragraph shall be construed to prevent a Settlement Class Member from presenting objections to the Court regarding the Settlement Agreement, Motion for Fees, or Motion for Incentive Payment in accordance with paragraph 13 of this Order.

17.     If the settlement proposed in the Settlement Agreement, this Order and the Judgment and Order contemplated by the Settlement Agreement do not receive full and final judicial approval in all material respects, or are reversed, vacated, or modified in any material respect, then neither the Settlement Agreement, this Order nor the contemplated Final Judgment

and Order shall have any force or effect; the Parties shall be restored, without waiver, to their respective positions immediately prior to entering into of the Settlement Agreement; any certification of the Settlement Class shall be vacated; the Action shall proceed as though the Settlement Class had never been certified; Plaintiff shall have the right to move for certification of a class, and Defendants shall have the right to oppose certification; the balance of the Settlement Payment (as defined in paragraph 3.A of the Settlement), if paid, shall be returned to Defendants; the balance, if any, of the Administrative Costs Advance (as defined in paragraph 4.A of the Settlement Agreement), if paid, shall be returned to Defendants and paragraphs 4.C, 12, 22 and 25 of the Settlement Agreement shall survive and remain enforceable.

18.     The Court may extend any of the deadlines set forth in this Order or adjourn or continue the Final Settlement Hearing without further notice to the Settlement Class.


Dated: December ___, 2014

                                                 _____
                                                 Hon. Amy J. St. Eve
                                                 United States District Judge

# EXHIBIT 6

EXHIBIT 6

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| CRAFTWOOD LUMBER COMPANY, an Illinois corporation, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 11-CV-4462 |
| vs. | ) ) | |
| INTERLINE BRANDS, INC., a Delaware corporation; INTERLINE BRANDS, INC., a New Jersey corporation, | ) ) ) ) | |
| Defendants. | ) ) | |

## [PROPOSED] JUDGMENT AND ORDER

THIS MATTER, having come before the Court on the motion of Plaintiff Craftwood Lumber Company ("Plaintiff"), requesting preliminary approval of a settlement of this class action litigation (the "Action") with Defendants Interline Brands, Inc., a Delaware corporation, and Interline Brands, Inc., a New Jersey corporation (collectively "Defendants"), in accordance with a Settlement Agreement made between them which, together with the exhibits annexed thereto (collectively, the "Settlement Agreement," a copy of which was made a part of Plaintiff's motion for preliminary approval), setting forth the terms and conditions for the proposed settlement, and the Court having heard argument of counsel and being otherwise fully advised in the premises, the Court hereby finds that:

(a)     On December ___, 2014 this Court entered an Order granting preliminary approval (the "Preliminary Approval Order") of the Settlement Agreement and settlement of this action and conditionally certifying, for settlement purposes only, a Settlement Class.

(b)     On _____ ___, 2015, the Court held a final approval hearing (the "Final Approval Hearing"), for which members of the Settlement Class had been given appropriate notice.

(c)     Having considered all papers filed in connection with the Final Approval Hearing, the "Motion for Fees" and "Motion for Incentive Award" and statements made on the record,

**IT IS HEREBY ORDERED AND ADJUDGED THAT:**

1.     This Court has jurisdiction over Plaintiff Craftwood Lumber Company ("Plaintiff") and Defendants Interline Brands, Inc., a Delaware corporation, and Interline Brands, Inc., a New Jersey corporation, (collectively "Defendants"), members of the Settlement Class, and the Claims Administrator.

2.     The Court finds that the Settlement Agreement has been entered into in good faith following arms' length negotiations and is non-collusive.  Capitalized terms in this Order shall have the same meaning as in the Settlement Agreement.

3.     The Court grants final approval of the settlement and Settlement Agreement, including, but not limited to, the releases in paragraph 10 thereof, and finds that the settlement and Settlement Agreement are, in all respects fair, reasonable, adequate, and in the best interests of the Settlement Class.  Any objections which were filed, timely or otherwise, have been considered and are overruled.  Therefore, all members of the Settlement Class who have not timely and validly requested exclusion from the Settlement Class are bound by this Judgment and Order.

## CLASS CERTIFICATION

4.     The Court finds that certification of the Settlement Class is appropriate because (a) the class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class, and those questions predominate over any questions affecting only individual Settlement Class members;  (c) Plaintiff's claims are typical of the claims of the Settlement Class; (d) Plaintiff will fairly and adequately protect the interests of the Settlement Class; (e) Settlement Class Counsel are adequate class counsel; and (f) a class action is the superior method for the fair and efficient adjudication of this controversy.  The preliminarily certified Settlement Class is now finally certified, for purposes of effectuating the settlement, as follows:

> All persons and entities that were subscribers of facsimile telephone numbers (i.e., who were the billing party on record with the telephone company) that were sent an advertisement (as defined in the Telephone Consumer Protection Act) during the period of May 10, 2007, to July 4, 2011 (the "Class Period"), via facsimile ("Fax" and collectively the "Faxes") by or on behalf of Defendants in this Action.

5.     The certification of the Settlement Class is without prejudice to Plaintiff's and Defendants' rights under the Settlement Agreement if the Settlement Agreement and this Judgment and Order do not become effective, as provided in the Settlement Agreement.

6.     C. Darryl Cordero of Payne & Fears LLP and Scott Zimmermann of the Law Offices of Scott Z. Zimmermann, as lead settlement class counsel, and Frank F. Owen of Frank Owen & Associates P.C., and Charles R. Watkins of Guin, Stokes & Evans LLP, as settlement class counsel are designated and appointed as Settlement Class Counsel.  The Court affirms that appointment and, after considering all factors set forth at Rule 23(g)(1), finds that Settlement Class Counsel are adequate under Rule 23(g)(1) and (4).

7.     Kurtzman Carson Consultants is designated and appointed as the Claims Administrator under the Settlement Agreement.

## CLASS NOTICE

8.     The Declaration of _____ shows that the following actions were performed in accordance with the Settlement Agreement and the Court's Preliminary Approval Order: Class Notice (Exhibits 1, 2 and 3 to the Preliminary Approval Order) was given by facsimile transmission and, in some cases, was followed by first-class mail; the approved form of publication Notice of Class Action and Proposed Settlement (Exhibit 4 to the Preliminary Approval Order) was published; and the long-form Notice of Class Action and Proposed Settlement (Exhibit 7 to the Preliminary Approval Order) was posted to the settlement website (www.ibisettlement.com).  The foregoing complies with Fed. R. Civ. P. 23(e) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of this Action.

## OBJECTIONS AND OPT-OUTS

9.     A total of ____ objections were filed by Settlement Class members in accordance with requirements as set forth in the Class Notice and the Settlement Agreement.  The Court has considered each of these objections carefully and has overruled each of them. None of these objections raise valid concerns about the Settlement Agreement, the Motion for Fees or the Motion for Incentive Award.

10.    A total of ___ persons or entities have timely and validly requested exclusion from the Settlement Class in accordance with paragraph 12 of the Settlement Agreement.  A list of the

persons or entities that have timely and validly requested exclusion from the Settlement Class is attached hereto as Exhibit A. These persons or entities listed on Exhibit A, having timely filed valid requests from exclusion, are hereby excluded from and shall not be considered to be members of the Settlement Class.

## CLASS RELIEF

11.     The Claims Administrator shall distribute the Members' Payment Amount to Settlement Class members in accordance with the Settlement Agreement.

## RELEASE OF CLAIMS

12.     Each member of the Settlement Class (excepting therefrom the persons and entities who are excluded from the Settlement Class under this Order), shall automatically give the releases provided in the Settlement Agreement on the Effective Date (as defined in the Settlement Agreement).

13.     Each Settlement Class member who has not been excluded from the Settlement Class is permanently enjoined, as of the date of this Order, from continuing with or commencing in any federal or state court, or in any other court, arbitration proceeding, tribunal, administrative agency, or other forum in the United States or elsewhere any or all claims, rights (including rights to reimbursement or restitution), demands, actions, causes of action, and complaints arising solely from the transmission or intended transmission of any of the Faxes defined the Settlement Agreement). Any of Defendants' Released Parties (as defined in the Settlement Agreement) may plead the Settlement Agreement as a complete bar to any and all claims, rights (including rights to reimbursement or restitution), demands, actions, causes of action, and complaints encompassed in the definition of Released Claims (as defined in paragraph 10.A of the Settlement Agreement) brought in derogation of this paragraph. Any person or entity that knowingly violates this injunction shall pay the costs and attorneys' fees incurred by Defendants' Released Parties.

## REIMBURSEMENT OF ATTORNEYS' FEES AND COSTS AND INCENTIVE AWARD

14.     Settlement Class Counsel shall be paid $_____ as their attorneys' fees and $_____ for reimbursement of costs from the Settlement Payment (as defined in the Settlement Agreement) in accordance with the terms of the Settlement Agreement, within 19

days after the Effective Date (as defined in the Settlement Agreement). The Court finds this amount to be fair and reasonable, and sufficiently supported.

15. Plaintiff shall be paid an incentive award in the amount of $_____ from Settlement Payment (as defined in the Settlement Agreement) in accordance with the Settlement Agreement, within 19 days after the Effective Date (as defined in the Settlement Agreement). The Court finds this amount to be fair and reasonable, and sufficiently supported.

## OTHER PROVISIONS

16. The Parties and Claims Administrator are ordered to take all necessary actions to complete and administer the settlement in accordance with the Settlement Agreement and shall comply with the terms of the Settlement Agreement. The Claims Administrator's fees and costs shall be paid from the Administrative Costs Advance and the Settlement Payment (as defined in the Settlement Agreement) in accordance with the Settlement Agreement. The Parties expressly recognize and consent to enforcement of the terms of the Settlement Agreement by this Court through a motion for a rule to show cause.

17. Within 20 days after the date by which Settlement Class members have to negotiate settlement checks (to be printed on the checks), Settlement Class Counsel shall report to the Court on the amount of any Uncashed Checks (as defined in the Settlement Agreement) and any remaining Members' Payment Amount. Within 14 days after the date Settlement Class Counsel reports to the Court the amount of any Uncashed Checks, the parties shall inform the Court of their positions regarding the distribution of the amount of the Uncashed Checks (as provided in paragraph 3.C of the Settlement). Thereafter the Court will order the distribution of these funds.

18. Settlement Class Counsel shall file a final accounting of the distribution of the Settlement Payment within 90 days of the date of the entry of Court's distribution order referenced in paragraph 17 above.

19. If the Settlement Agreement and this Judgment and Order are reversed, vacated, or modified in any material respect, then neither the Settlement Agreement nor this Judgment and Order (including the certification of the Settlement Class provided in paragraph 4 of this Order, or the releases provided in paragraph 12 of this Order) shall have any force or effect; the Parties shall be restored, without waiver, to their respective positions immediately prior to entering into of the Settlement Agreement; any certification of the Settlement Class shall be

vacated; the Action shall proceed as though the Settlement Class had never been certified; Plaintiff shall have the right to move for certification of a class, and Defendants shall have the right to oppose certification; the balance of the Settlement Payment (as defined in paragraph 3.A of the Settlement), if paid, shall be returned to Defendants; the balance, if any, of the Administrative Costs Advance (as defined in paragraph 4.A of the Settlement Agreement), if paid, shall be returned to Defendants and paragraphs 4.C, 12, 22 and 25 of the Settlement Agreement shall survive and remain enforceable.

20.     The Court hereby enters final judgment for Plaintiff and the Settlement Class in accordance with the terms of the Settlement Agreement and this Judgment and Order is a final and appealable order.


Dated: _____, 2015                    _____
                                             Hon.
                                             United States District Court Judge

6